**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mori Lee, LLC | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-7648 |
| | ) | |
| THE PARTNERSHIPS and | ) | Judge: Hon. Sara L. Ellis |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | Magistrate: Hon. Jeffrey Cummings |
| | ) | |
| | ) | |

**MEMORANDUM IN OPPOSITION OF DEFENDANT'S MOTION TO VACATE
DEFAULT JUDGMENT**

**Table of Contents**

I. Introduction .................................................................................................................... 5

II. Statement of Facts ......................................................................................................... 5

    A. Amazon.com Operates in and for the United States Market, Including Illinois ............... 6

    B. Defendants' Activities ............................................................................................ 7

III. Argument ..................................................................................................................... 8

    A. Defendants Directed Their Activities to the Illinois Market ............................................ 8

    B. The Cause of Action Relates to Defendant Activities Directed to Illinois Market ......... 11

    C. Defendants' Conduct Was Purposefully Directed at Illinois Such that Defendants Would Anticipate Being Haled into Court in Illinois. ................................................................. 11

    D. Personal Jurisdiction is Proper Under F.R.C.P. 4(k)(2) .................................................. 13

VI. Conclusion .................................................................................................................. 14

## Table of Authorities

**CASES**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc* .......................................... 10

*Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986) .......................................... 8

*be2 LLC v. Ivanov*, 642 F.3d 555, 557 (7th Cir. 2011) ............................................................. 8, 10

*Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) ..................................................... 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). 8, 11

*Cent. States, Southeast and Sw. Areas Pension Fund v. ReimerExpress World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000) .................................................................................................... 13

*Christian Dior Couture, S.A.*, 2015 U.S. Dist. LEXIS 158225 at *13 ...................................... 12

*Conair Corp., et al. v. Chen Xin, et al.*, No. 16-cv-09693 (N.D. Ill. Mar. 22, 2017) ..................... 10

Curry v. Revolution Labs., LLC, 949 F.3d 385, 392-93 (7th Cir. 2020) .............................. 8, 9, 11

*Flag Co. v. Maynard,* 376 F. Supp. 2d 849, 853-54 (N.D. Ill. 2005) ........................................... 14

*Illinois v. Hemi Grp. LLC* ................................................................................ 8, 9, 12, 14

*ISI International, Inc. v. Borden Ladner Gervais, LLP*, 256 F.3d 548, 552 (7th Cir. 2001) ........ 14

*Luxottica Grp. S.p.A. v. Zhiqiang Zhao*, 2017 U.S. Dist. LEXIS 38527, at *6 (N.D. Ill. Mar. 17, 2017) .................................................................................................................. 13

*Monster Energy Company v. Chen Wensheng, et al.*, 136 F. Supp.3d 897, 909 (N.D. Ill. 2015) .. 10

*Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May 14, 2020) ............................................. 9

*Omni Capital Int.'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 111 (1987)) .......................................... 13

*Plixer Int'l v. Scrutinizer GmbH*, 905 F.3d 1, 5 (1st Cir. 2018) ................................................... 13

*Robert Bosch LLC v. Trico Prods. Corp.*, 2013 U.S. Dist. LEXIS 103311, at *6 (N.D. Ill. July 24, 2013) ............................................................................................................................... 13

*Strabala v. Zhang*, 318 F.R.D. 81, 112 n.33 (N.D. Ill. 2016) ...................................................... 12

*Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.*, No. 20-cv-7477 (N.D. Ill March 24, 2021) ................................................................................................................................. 9

*uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 428 (7th Cir. 2010) .......................................... 12

*Volkswagen AG v. iman365-usa,* No. 18-cv-06611, 2020 U.S. Dist.LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020) ................................................................................................................. 9

Volkswagen AG v. iman365-usa, No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *7-8 (N.D. Ill. Feb. 28, 2020) ................................................................................................................. 8

*Walden v. Fiore*, 571 U.S. 277, 284-85, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ................. 8, 10

**STATUTES**

Fed. R. Civ. P. 4(k)(1) ....................................................................................................... 11, 13, 14

Federal Rule of Civil Procedure 12(b)(2) ....................................................................................... 5

Federal Rule of Civil Procedure 4(k)(2) ....................................................................... 5, 13, 14, 15

**OTHER AUTHORITIES**

Jon Emont, Amazon's Heavy Recruitment of Chinese Sellers Puts Consumers at Risk, Wall St. J. 1-2 (Nov. 11, 2019) ............................................................................................................. 6

**MEMORANDUM OF LAW**

### I. Introduction

The Defendant, Doe 154, d/b/a Dressweet, has filed a motion to vacate the default judgment and dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 60(b)(4) because Defendant argues that because they do not have "minimum contacts" with the State of Illinois, that they are not subject to personal jurisdiction and therefore the judgment is void. However, the Defendant has, by virtue of its relationship with Amazon for sales and distribution, established significant contact within the State of Illinois in the district, sufficient to support jurisdiction in this court.

It is undisputed that the Defendant is located in the People's Republic of China. However, the Defendant has made specific and conscious decisions to enter into busines in the United States of America and to target their sales activities to consumers in the United States, including the State of Illinois. The Defendant does exercise minimum contacts with the State of Illinois and should be subject to jurisdiction within the Northern District of Illinois. However, alternatively, jurisdiction in the instant case may also be exercised under Federal Rule of Civil Procedure 4(k)(2).

Failing to find jurisdiction in these circumstances would allow foreign individuals and companies to operate with impunity within the United States, simply by leveraging ecommerce platforms—leaving American companies and consumers with no recourse against foreign sellers when harmed.

### II. Statement of Facts

### A. Amazon.com Operates in and for the United States Market, Including Illinois

Amazon, Inc. operates ecommerce sites around the world, including Amazon.com, which is focused on the United States. Declaration of David Gulbransen, ¶3. Amazon also operates international sites, such as Amazon Canada (amazon.ca), Amazon UK (amazon.co.uk), Amazon Japan (amazon.co.jp) and, Amazon China (amazon.cn). *Id.* Amazon's sites specifically target consumers in those countries or regions, offering products tailored to those consumers, including content using the local language, pricing in local currencies, and shipping options to those locales. *Id*.

Amazon also operates distribution centers and warehouses throughout the world to facilitate delivery to consumers. Within the United States, Amazon operates a number of distribution centers, including within the State of Illinois and the Chicago area. Amazon operates distribution centers in Joliet, Waukegan, Skokie, and Maywood, among others, and employs over 11,000 people full-time in the State of Illinois. Gulbransen Decl. ¶4.

Amazon has been aggressively recruiting Chinese sellers for their platform for a number of years. Jon Emont, *Amazon's Heavy Recruitment of Chinese Sellers Puts Consumers at Risk*, Wall St. J. 1-2 (Nov. 11, 2019). Gulbransen Decl. ¶5. According to a 2019 investigation by the Wall Street Journal, "[o]f 1,934 sellers whose addresses could be determined, 50% were based in China." *Id*. "Amazon has made its site more accessible to Chinese speakers, created special programs that address Chinese sellers' logistical needs and sent a stream of employees to recruit suppliers." *Id*. As a result of Amazon's recruitment effort of Chinese sellers, Amazon sellers have said that Amazon "is the most cost-effective way to sell into the United States." *Id*.

Chinese based sellers are not prohibited from operating a store on the Amazon.com U.S. site. In order to do so, they must agree to the Amazon Services Business Solutions Agreement

6

and the Amazon program policies for international sellers. Gulbransen Decl. ¶6. Under these policies, the seller must agree to ship products in accordance with Amazon policies and those polices stated in their listings:

> "… you will: (a) source, offer, sell and fulfill your Seller-Fulfilled Products, and source and, offer and sell your Amazon-Fulfilled Products, in each case in accordance with the terms of the applicable Order Information, this Agreement, and all terms provided by you or us and displayed on the applicable Amazon Site at the time of the order and be solely responsible for and bear all risk for those activities;"

*Id*. And, the seller must agree to

> "(e) fulfill Your Products throughout the Elected Country (except to the extent prohibited by Law or this Agreement);"

*Id*. Amazon's seller tools also allow sellers to specifically prohibit shipping to specific areas, which can be excluded as long as the shipping policies are clearly stated in the seller's store or listing. *Id* at ¶6.

### B. Defendants' Activities

The Defendant claims to be a Chinese based small business, with no contacts with the State of Illinois. *See* Declaration of Yang Yongying, ¶4-6. However, the Defendant took affirmative action to establish a storefront on the Amazon.com platform, not Amazon.cn. In spite of the existence of Amazon platforms for locations around the world—including a Chinese Language site, amazon.cn, focused on Chinese based consumers in their home country, the Defendant chose to host their storefront on Amazon.com—the Amazon site specifically targeting consumers in the United States, including within the State of Illinois.

Additionally, the Defendant offers no evidence that their store explicitly prohibited shipment to the State of Illinois, even though Amazon's polices clearly require them to publish any limitations on shipping, or to fulfill orders "throughout the Elected Country". Gulbransen Decl. ¶6.

7

### III. Argument

In this early stage of litigation, the Plaintiff has no benefit of an evidentiary hearing or discovery. The Plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction and all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See* Curry v. Revolution Labs., LLC, 949 F.3d 385, 392-93 (7th Cir. 2020). "The question is whether the Court may exercise specific personal jurisdiction, which applies when a defendant has directed its activities at the forum state, and when the cause of action relates to those activities." *See* Volkswagen AG v. iman365-usa, No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *7-8 (N.D. Ill. Feb. 28, 2020) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). The defendant's conduct must be purposefully directed at the forum state, such that the defendant would anticipate being haled into court here. *Id*. (*citing Walden v. Fiore*, 571 U.S. 277, 284-85, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014)). Furthermore, as the Defendant was aware of the suit, entering settlement discussions with the Plaintiff, but chose not to answer the suit. Because the Defendant "…chose to default rather than defend, he must bear the burden of proof on his post-judgment motion challenging personal jurisdiction." *be2 LLC v. Ivanov*, 642 F.3d 555, 557 (7th Cir. 2011); See also *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986).

### A. Defendants Directed Their Activities to the Illinois Market

In *Illinois v. Hemi Grp. LLC*, the Seventh Circuit explained that, "Hemi stood ready and willing to do business with Illinois residents." 622 F.3d 754, 757-58 (7th Cir. 2009). "It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi

8

in Illinois." *Id*. at 758. As such, specific jurisdiction is proper where a company "h[olds] itself out as open todo business with every state" and is "ready and willing to do business with [that state's] residents." *Id*. Following *Hemi*, the Seventh Circuit in *Curry v. Revolution Labs., LLC* determined that personal jurisdiction was proper over non-resident e-commerce store operators, including Amazon stores:

> We are satisfied that Revolution has formed sufficient minimum contacts with Illinois. Like Hemi, Revolution sells its products only online through its website and third-party websites. Revolution's interactive website for the sale of its products requires the customer to select a shipping address. Illinois is among the "ship-to" options from which the customer must choose…
>
> Revolution's own actions in establishing these commercial contacts with Illinois fairly can be described as purposeful. Preparing to engage in commercial activity, Revolution created an interactive website and explicitly provided that Illinois residents could purchase its products through that website. It further arranged for the sale of its products through third-party websites. After the sales, Revolution sent written confirmation to the Illinois customers acknowledging their sale and including their Illinois shipping address, and, finally, Revolution shipped Diesel Test to its customers who were in Illinois.

949 F.3d at 399. Under this precedent, Illinois courts have consistently exercised personal jurisdiction over non-resident e-commerce store operators. *See, e.g., Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.*, No. 20-cv-7477 (N.D. Ill March 24, 2021) (Dkt. No. 46) (unpublished) ("Hilfiger has offered evidence tending to show that [defendant], though not physically located in Illinois or even in the United States, operated an interactive website through which it purposefully offered products for sale to consumers, including consumers located in Illinois, who would then select an address where the products should be shipped, including Illinois as one of the options. This is enough to amount to [defendant] having purposefully availed itself of doing business in Illinois."); *Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May 14, 2020)(Dkt. No. 60) (unpublished); *Volkswagen AG v. iman365-usa,* No. 18-cv-06611, 2020 U.S. Dist.LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020); *Conair Corp., et*

9

*al. v. Chen Xin, et al.*, No. 16-cv-09693 (N.D. Ill. Mar. 22, 2017); *Monster Energy Company v. Chen Wensheng, et al.*, 136 F. Supp.3d 897, 909 (N.D. Ill. 2015).

The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558. However, in the instant case, the Defendant is more than merely operating an interactive website. They have specifically chosen a site which is marketed, promoted and presented to consumers in the United States, even though local versions of the platform exist in their own country of domicile. Rather than setting up shop on Amazon.cn and selling to a Chinese market, the Defendants have taken conscious, deliberate steps to set up their storefront on Amazon.com, which was created and is maintained by Amazon for the U.S. market, including Illinois. The Defendant further makes no restrictions on their site to prohibit sales to, or shipment to Illinois consumers, in spite of the ability to do so. Unlike in *Walden*, the Defendant's association with Illinois here is not "based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State" but is rather the result of conscious, informed, and planned actions taken by the Defendant themselves. 571 U.S. 277, 286, 134 S. Ct. 1115, 1123 (2014). As such, in availing themselves of the market in the U.S. and the State of Illinois, the Defendant's own actions establish contact with the forum and it is reasonable the Defendant may find themselves haled to the courts in Illinois.

Defendant also relies on *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.* to claim specific jurisdiction is inappropriate because of a lack of sales in Illinois. 751 F.3d 796, 801 (7th Cir. 2014). However, in *Advanced Tactical*, the sales in question did not relate to

the cause of action. But sales are not dispositive regarding jurisdiction when the Defendant has deliberately targeted consumers in the jurisdiction. Indeed, the Plaintiff disputes the Defendant's claimed lack of sales—and without discovery or evidentiary hearing has no means to establish incontrovertibly the level of infringing sales in Illinois. Additionally, using sales solely as the basis does not address the infringing use of Plaintiff's registered, copyrighted images—use of which subjects the Defendant to statutory damages unrelated to sales.

### B. The Cause of Action Relates to Defendant Activities Directed to Illinois Market

Defendants were selling, offering for sale, and advertising infringing products using the Plaintiff's copyrighted images to residents of the United States, including residents of Illinois. These actions are the subject of Plaintiff's infringement claims, so Defendants' contacts with Illinois are clearly related to the claims in this suit. *See Curry*, 949 F.3d at 401 ("The gravamen of his case is that Revolution's advertisement and sale of its product in the national market caused confusion and consequently deprived Mr. Curry of the value of his trademark in those states, *including Illinois*, where the product was sold… The defendant's activity in the state is the very activity that allegedly caused the confusion at the heart of this litigation").

### C. Defendants' Conduct Was Purposefully Directed at Illinois Such that Defendants Would Anticipate Being Haled into Court in Illinois.

Under both the Illinois Long Arm Statute and Fed. R. Civ. P. 4(k)(1), notions of fair play and substantial justice are satisfied. Illinois has a strong interest in protecting Illinois consumers from being duped into purchasing infringing products. Furthermore, modern transportation and communications have made it less burdensome for a party to defend itself in a State where he derives economic benefits. *Burger King*, 471 U.S. at 474. Finally, it does not offend the notions of fair play that a foreign individual or company who decides to avail themselves of an e-

11

commerce platform targeted to and frequented by American consumers, including those in Illinois, must come to the United States and stand accountable for violations of U.S. Law. *Christian Dior Couture, S.A.*, 2015 U.S. Dist. LEXIS 158225 at *13. Defendants "certainly should not be surprised by the jurisdictional consequences of [their] actions" given they had sufficient resources to purposefully avail themselves of the Illinois market. *Id*. at *14.

While the Court quoted *Hemi* stating that "Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website in the forum state" and *Advanced Tactical* stating that "if having an interactive website were enough… there is no limiting principle - a plaintiff could sue everywhere" ([167] at p. 6), applying that rational here would ignore the Defendant's own actions involved with opening an Amazon.com e-commerce store with the sole purpose to sell to United States consumers. Operating an Amazon storefront goes beyond having an "interactive" website. Finding that e-commerce sellers such as the Defendant merely operate "interactive websites" that are accessible across the country would force plaintiffs to speculate whether defendants sold a sufficient number of products into a specific jurisdiction before being able to file a lawsuit and obtain discovery.

Indeed, Defendants would then receive "the benefit of a nationwide business model with none of the exposure" (*Hemi Grp LLC*, 622 F.3d at 760), including Illinois, the sixth most populousstate. *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 428 (7th Cir. 2010). Litigating in the United States may impose some burden on Defendants, however, "that is not a reason in itself to decline to exercise personal jurisdiction over them." *Strabala v. Zhang*, 318 F.R.D. 81, 112 n.33 (N.D. Ill. 2016). Moreover, a foreign jurisdiction would be inappropriate for Plaintiff's claims under U.S. trademark law because, among other reasons, the United States

and Illinois have a stronger interest in seeing that their citizens would have the protection of these consumer protection laws. *Luxottica Grp. S.p.A. v. Zhiqiang Zhao*, 2017 U.S. Dist. LEXIS 38527, at *6 (N.D. Ill. Mar. 17, 2017).

### D. Personal Jurisdiction is Proper Under F.R.C.P. 4(k)(2)

There can be no question that Defendants' Amazon.com e-commerce store targeted the United States. As such, should this Court determine that personal jurisdiction is not proper under Fed. R. Civ. P. 4(k)(1) based on the Illinois long arm statute, personal jurisdiction is proper pursuant to Fed. R. Civ. P. 4(k)(2).

Rule 4(k)(2) provides for personal jurisdiction through nationwide service of process over any defendant provided that: (1) the plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; and (4) the exercise of jurisdiction is consistent with the Constitution. *Cent. States, Southeast and Sw. Areas Pension Fund v. ReimerExpress World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000); *Plixer Int'l v. Scrutinizer GmbH*, 905 F.3d 1, 5 (1st Cir. 2018). Rule 4(k)(2) extends federal jurisdiction over non-resident defendants having sufficient contacts with the United States as a whole, but having insufficient contact with any single state to support jurisdiction. Fed. R. Civ. P. 4(k)(2) advisory committee's note (citing *Omni Capital Int.'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 111 (1987)).

The first element of Rule 4(k)(2) is satisfied here because Plaintiff's claims arise under federal trademark law. Likewise, the second element is satisfied because Defendants have not named a suitable forum state. *See Robert Bosch LLC v. Trico Prods. Corp.*, 2013 U.S. Dist. LEXIS 103311, at *6 (N.D. Ill. July 24, 2013). Under the second element, the plaintiff is not required to prove that a defendant is subject to the jurisdiction a specific state. *ISI International, Inc.*

*v. Borden Ladner Gervais, LLP*, 256 F.3d 548, 552 (7th Cir. 2001). "Instead, it is defendant's burden to name another state in which the suit could proceed if he wishes to preclude the use of Rule 4(k)(2). If the defendant does not name another state where the suit could go forward, the second requirement of Rule 4(k)(2) is satisfied." *Flag Co. v. Maynard,* 376 F. Supp. 2d 849, 853-54 (N.D. Ill. 2005). Contrary to the Plaintiffs in *Hemi* and *Advanced Tactical*, which are both U.S. corporations, the Defendant here is a Chinese company who have done nothing to suggest an alternative jurisdiction in the United States.

The third and fourth elements of the Rule 4(k)(2) analysis require the same minimum contacts due process analysis conducted under Rule 4(k)(1)(A), the only difference being that the relevant forum is the United States as a whole, not an individual State. *Id*. at 5. As such, the third and fourth elements are satisfied here for the same reasons that satisfy the minimum contactsanalysis required by Rule 4(k)(1)(A). Furthermore, having failed to answer the suit and allow it to go to default, the burden of *disproving* jurisdiction in all fifty states, to satisfy the requirements under Rule 4(k)(2), would fall to the Defendant. *be2 LLC* at 557.

### VI. Conclusion

Having purposefully operated a virtual storefront on the Amazon platform designed to reach consumers in the United States, including the State of Illinois, the Defendant has availed themselves of the forum in a manner that should not cause them any surprise to be haled to Court within the District. Additionally, the exercise of jurisdiction does not offend the notions of justice fair play, but quite the opposite. In the interest of justice and fair play, it would unfairly prejudice U.S. based plaintiffs if foreign sellers could avoid any accountability for infringing conduct in U.S. Courts merely by taking advantage of an ecommerce platform such as Amazon,

14

violating U.S. law, and then claiming that U.S. Courts have no jurisdiction because they are not located in the United States.

This precisely why FRCP 4(k)(2) exists; to hold accountable those sellers who, through their deliberate acts create contacts with the forum or within the United States which allow them to benefit financially from marketing and selling goods in the U.S. market.

Accordingly we ask that this court find it has jurisdiction over the Defendant and affirm the Default Judgment against Defendant 154, Dressweet.

Dated this 8th Day of December, 2021.	Respectfully submitted,

By:	   s/David Gulbransen/
David Gulbransen
Attorney of Record
Counsel for Plaintiff

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on December 8, 2021 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record.

By:    s/David Gulbransen/
David Gulbransen
Attorney of Record
Counsel for Plaintiff

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com