UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORI LEE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 7648 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| THE PARTNERSHIPS AND | ) | |
| UNICORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Mori Lee, LLC ("Mori Lee") filed this lawsuit against the Partnerships and Unincorporated Associations identified on Schedule "A," including Defendant Dressweet, alleging trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and copyright infringement under 17 U.S.C. § 501, as well as claims under the Illinois Uniform Deceptive Trade Practices Act, 810 Ill. Comp. Stat. 510. After Dressweet did not timely appear in the action, the Court granted Mori Lee's motion for entry of default and default judgment against Dressweet and other defendants who did not appear on June 2, 2021. On November 3, 2021, Dressweet filed an appearance and a motion to vacate the default judgment entered against it under Federal Rule of Civil Procedure 60(b). Because Dressweet had no sales into Illinois and did not target the state specifically, the Court lacks personal jurisdiction over Dressweet and so

vacates the judgment entered against it and dismisses Mori Lee's claims against Dressweet for lack of personal jurisdiction.

## BACKGROUND

Mori Lee manufactures, distributes, and sells bridal gowns and formalwear throughout the world, including in Illinois. Mori Lee is the owner of all rights, titles and interest to certain Mori Lee trademarks, and owns common law rights in certain marks for use in connection with bridal gowns and formalwear. The Mori Lee marks and trade dress are visible and distinctive. Dressweet has Amazon stores on the Amazon.com platform, rather than the Chinese Amazon.cn platform, selling apparel, including bridal gowns and formalwear, with its Amazon seller ID listed as A33KTJKN6O71DP and with its address listed in China. Dressweet is not associated with nor has not co-operated with any other defendants in this case. Dressweet never advertised, held a telephone listing, or maintained a bank account in Illinois, and has no agents, employees, or contractors in the state. Rather, Dressweet sends and receives mail from its address in China, which is posted on its Amazon.com storefront in the detailed seller information section for public view. Based on a search of its sale records, Dressweet attests that it sold no items of the accused counterfeit products of Mori Lee's designs and that it has not shipped any product to Illinois.

On December 22, 2020, Mori Lee filed its complaint against individuals and entities that operated domain names and online storefronts, including Dressweet, that allegedly sold counterfeit Mori Lee products. Doc. 1. On that same day, Mori Lee also filed a motion for a temporary restraining order ("TRO") seeking to enjoin all defendants in the lawsuit from manufacturing, importing, distributing, offering for sale, or selling any counterfeit versions of its products as well as to freeze the defendants' accounts associated with their storefronts. Doc. 8.

On January 4, 2021, the Court granted Mori Lee's motion for a TRO.  Doc. 16.  On February 2,

2021, Mori Lee then filed a motion for a preliminary injunction, Doc. 25, which the Court

granted that same day.  Doc. 28.  After the time for defendants to appear had passed, on April 21,

2021, Mori Lee filed a motion for entry of default and default judgment.  Doc. 41.  The Court

granted this motion on June 2, 2021.  Doc. 64.  In addition to permanently enjoining defendants

from using the Mori Lee marks and selling any reproductions or copies of any product that is not

a genuine Mori Lee product, the Court awarded Mori Lee $400,000 in statutory damages from

each of the defaulting defendants pursuant to 15 U.S.C. § 1117(c)(1) and pursuant to 17 U.S.C. §

504(c)(1).  Dressweet now moves to vacate the default judgment on the grounds that the Court

lacks personal jurisdiction over it.

## LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure provides that "a court may set aside an

entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

Fed. R. Civ. P. 55(c).  Rule 60(b) allows a district court to relieve a party of a judgment, among

other reasons, if the judgment is void.  Fed. R. Civ. P. 60(b).  If the Court lacks personal

jurisdiction over the defendant, the Court must consider the judgment void and vacate it pursuant

to Rule 60(b)(4).  *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) ("[I]f the district

court lacked personal jurisdiction over the defendant at the time it entered the default judgment,

the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that

judgment."); *see Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016)

("Under Federal Rule of Civil Procedure 60(b), a final judgment must be set aside if the court

lacked personal jurisdiction.").  "On a Rule 60(b)(4) motion, the defendant bears the burden of

proving the court's lack of personal jurisdiction." *Philos Techs., Inc. v. Philos & D, Inc.*, 802

F.3d 905, 911 (7th Cir. 2015); *see Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986) ("If the defendant, after receiving notice, chooses to let the case go to a default judgment, the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion.").

## ANALYSIS

The Lanham Act does not authorize nationwide service of process, and so the Court may exercise jurisdiction over Dressweet only if authorized both by the United States Constitution and Illinois law. *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 902 (N.D. Ill. 2015); *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1046–47 (N.D. Ill. 2015). Illinois "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); 735 Ill. Comp. Stat. 5/2–209. To the extent the federal constitutional and Illinois statutory inquiries diverge, "the Illinois constitutional standard is likely more restrictive than its federal counterpart," but both essentially focus on whether exercising jurisdiction over a defendant is fair and reasonable and thus a single inquiry suffices. *KM Enters, Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013); *C.H. Johnson Consulting, Inc. v. Roosevelt Rds. Naval Station Lands & Facilities Redevelopment Auth.*, No. 1:12–cv–08759, 2013 WL 5926062, at *2 (N.D. Ill. Nov. 5, 2013). The Court, therefore, asks one constitutional question: does Dressweet have "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice[?]'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that

4

he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Personal jurisdiction comes in two forms: general and specific. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Mori Lee does not contend that this Court has general jurisdiction over Dressweet, so the Court limits its analysis accordingly. Specific jurisdiction exists "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). The Court looks to the "defendant's suit-related conduct" and its connection to the forum state; "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 283, 286 (2014); *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 915–16 (7th Cir. 2015). The Court considers "whether the conduct underlying the claims was purposely directed at the forum state," looking at whether Dressweet engaged in "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 702–03 (7th Cir. 2010).

Mori Lee argues that Dressweet has sufficient minimum contacts with Illinois because it maintained an interactive store on Amazon that sold products that could be shipped to Illinois. But the Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010); *see also be2 LLC*, 642 F.3d at 558

("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." (citations omitted)). "In the context of cases like this one, that means [Mori Lee] must show that [Dressweet] is actually operating an interactive website that is accessible in Illinois and that [Dressweet] has aimed such site at Illinois by standing ready, willing and able to ship its [ ] goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016).

Despite the fact that it operates a website that theoretically offers shipping to Illinois, Dressweet maintains that it has never sold or shipped any infringing products to Illinois. And, indeed, Mori Lee does not argue or put forth any evidence that Dressweet actually has sold infringing products in Illinois. Rather, Mori Lee contends that the fact that Dressweet took affirmative action to establish a storefront on the Amazon.com platform, and not on Amazon's Chinese platform, demonstrates that it specifically targeted consumers in the United States, including those within Illinois. *See Hemi*, 622 F.3d at 757–58 (personal jurisdiction existed where "Hemi stood ready and willing to do business with Illinois residents" because it "maintained commercial websites through which customers could purchase cigarettes, calculate their shipping charges using their zip codes, and create accounts"). But, unlike in *Hemi*, where the defendant's websites specifically stated that it would ship to any state in the country except New York and evidence existed that it had sold its products to an Illinois resident, *id*., here, the fact that Dressweet used a United States instead of Chinese platform does not on its own suffice

to demonstrate that Dressweet knowingly directed its activities at Illinois, *cf. id*. at 760

("Premising personal jurisdiction on the maintenance of a website, without requiring some level

of 'interactivity' between the defendant and consumers in the forum state, would create almost

universal personal jurisdiction because of virtually unlimited accessibility of websites across the

country." (citing *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004)). As other

courts have found, "displaying products online that are shippable to Illinois amounts to nothing

more than maintaining an interactive website that is accessible in Illinois. That alone cannot

confer personal jurisdiction." *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'ns Identified*

*on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021); *see Advanced*

*Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014)

("Having an interactive website . . . should not open a defendant up to personal jurisdiction in

every spot on the planet where that interactive website is accessible."); *see also Mobile*

*Anesthesiologists Chicago, LLC*, 623 F.3d at 446 (plaintiff could not establish the defendant had

sufficient contacts with Illinois "simply by showing that the defendant maintained a website

accessible to residents of the forum state and alleging that the defendant caused harm through

that website").

And that is all that the Court has before it here to support jurisdiction, with Dressweet

instead presenting evidence that it has never made any sales into Illinois and has not taken any

other actions to target the state. *See Am. Bridal & Prom Indus. Ass'n, Inc.*, 192 F. Supp. 3d at

934 ("Plaintiffs have not shown that the websites were any more accessible in Illinois than

anywhere else in the world; they have not shown that any Illinois residents actually accessed the

websites; they have not shown any injury occurring in Illinois; they have not shown that any

Defendant took any action with respect to Illinois in particular. They have not alleged or shown

that any of the Defendants specifically agreed to ship to Illinois or that they otherwise reached out to, or expressly aimed their activities at, this state or its residents."). Thus, the Court cannot find that Dressweet's maintenance of an interactive website supplies the required minimum contacts with Illinois to support the exercise of personal jurisdiction. *See Rubik's Brand, Ltd.*, 2021 WL 825668, at *3; *Sun Chenyan v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20 CV 00221, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country . . . could purchase from the Ebay Stores."). Because the Court lacked personal jurisdiction over Dressweet when it entered judgment against it, the judgment is therefore void and the Court must dismiss Mori Lee's claims against Dressweet.

## CONCLUSION

For the reasons set forth above, the Court grants Dressweet's motion to vacate [88]. The Court vacates the default judgment entered against Dressweet and dismisses Mori Lee's claims against it without prejudice for lack of personal jurisdiction.

Dated: February 22, 2022

SARA L. ELLIS
United States District Judge

8